UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SHELTON PARKER JR., <br><br> Plaintiff, <br><br> v. <br><br> LVNV FUNDING, LLC, <br><br> Defendant. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, SHELTON PARKER JR ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant LVNV FUNDING, LLC. ("LVNV" or "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Muscogee County, in the City of Columbus, in the State of Georgia.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant LVNV is a financial services company doing business in the state of Georgia with its principal place of business located in Greenville, South Carolina.

5. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

6. Defendant LVNV is a "person," as defined by 47 U.S.C. §153 (39).

7. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

8. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

10. Plaintiff is a consumer who is the victim of inaccurate reporting by LVNV regarding a debt account that he had with LVNV, settled with Credit Control, LLC, and paid to LVNV.

11. Plaintiff is also the victim of unlawful debt collection practices by Defendant.

12. Credit Reporting Agencies (e.g., Trans Union, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., hereinafter referred to as "CRA" or "CRAs") have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13. Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs, which include Defendant) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

14. Furnishers are also prohibited from furnishing information they know or should know is inaccurate.

15. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with LVNV, an inaccuracy found in three different credit reports published by CRAs based on the information provided to them by Defendant. The following is a description of the inaccuracy and failures of Defendant to investigate and update their reporting of the account in question to the CRAs:

16. On or around December 20, 2022, Plaintiff and Credit Control, who was doing business on behalf of LVNV, settled Plaintiff's account with LVNV starting in 4447 (the "Account") for $677.00.

17. Per the terms of the settlement agreement, Plaintiff made one (1) payment of $677.00 on December 28, 2022, which fully satisfied the settlement agreement and Account.

18. On or around June 11, 2024, Plaintiff received copies of his credit report from three different CRAs, which, to his surprise, were incorrect. Upon information and belief, Defendant LVNV reported incorrect information regarding the Account to the CRAs.

19. Specifically, Trans Union reported the Account status as ">Collection<" with a balance of $1,001 until May 6, 2024, even though this Account was settled and paid in full on December 28, 2022.

20. Experian reported the Account status as "Collection," with a balance of $1,001 through May 2024, even though this Account was settled and paid in full on December 28, 2022.

21. Equifax reported the Account status as "Collection," with a balance of $1,001 until May 6, 2024, even though this Account was settled and paid in full on December 29, 2022

22. Defendant's failure to furnish accurate information regarding Plaintiff's Account harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

23. On or around August 1, 2024, Plaintiff issued disputes by mail to the two CRAs that Plaintiff received credit reports from regarding the incorrect information being reported on the Account.

24. In his dispute letters, Plaintiff disputed the incorrect entries in his credit report regarding the Account's status and rating. Plaintiff also included proof of the agreement between himself and LVNV and proof of the payment made in satisfaction of the agreement.

25. Upon information and belief, pursuant to their own obligations under the FCRA, the two CRAs would have notified LVNV of Plaintiff's disputes within five days of receipt of the disputes.

26. Further, upon information and belief, the three CRAs would have sent the documentation Plaintiff included in his dispute letters to LVNV, including the terms of the settlement and proof of the payment.

27. Despite his very specific disputes to the CRAs Defendant was furnishing inaccurate information to, Plaintiff received two more credit reports post-dispute which reflected no update in the Account's reported information. Upon information and belief, this is because Defendant continued to furnish inaccurate information about Plaintiff's Account.

28. LVNV breached the settlement agreement by failing to close the account and by reporting this debt to the credit bureaus in an unfair, unconscionable, and continued effort to collect additional debt from Plaintiff.

29. On information and belief, LVNV never intended to settle Plaintiff's Account for $677.00 and instead misrepresented that it would settle the Account for less than the original balance to motivate Plaintiff into complying with its debt collection attempts.

30. At the time of filing this complaint, the three CRAs continue to report the Account inaccurately, which is based on the inaccurate information being furnished by Defendant.

31. Upon information and belief, the three CRAs continue to report this information because of LVNV's furnishing of incorrect information regarding the Account to the two CRAs.

32. Additionally, upon information and belief, LVNV failed to conduct a reasonable investigation into the information about the LVNV Account it furnished to the CRAs.

33. If LVNV had complied with their duties to reinvestigate the Account when it received notice of the disputes, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

34. Further, LVNV continues to furnish information regarding the Account that it knows or should know is inaccurate.

35. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

36. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

**COUNT I – LVNV FUNDING, LLC.**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681s-2(b)**

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-36.

38. After receiving Plaintiff's disputes, LVNV failed to reasonably reinvestigate its reporting of the information regarding the LVNV Account reporting on Plaintiff's consumer report.

39. LVNV violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of LVNV's representations to the CRAs.

40. As a result of this conduct, action, and inaction of LVNV, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. LVNV's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42. In the alternative, LVNV was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from LVNV, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT II – LVNV FUNDING, LLC.
## Violation of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692e *et seq.*

44. Plaintiff repeats and incorporates into this cause of action by reference the factual allegations set forth in paragraphs 1-36.

45. Defendant's violations of the Fair Debt Collection Practices Act include, but are not limited to, the following violations.

46. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

47. Defendant violated 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt.

48. As a result of this conduct, action, and inaction of LVNV, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, mental and emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. Pursuant to 15 U.S.C. § 1692k, Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3);

d) Actual damages to be proven at trial, with additional statutory damages pursuant to 15 U.S.C. § 1692k, of not more than $1,000

e) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k; and

f) Any further legal and equitable relief as the court may deem just and proper in the circumstances;

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 02/12/2026

Respectfully submitted,

*/s/ Mark A. Carey*
Mark A. Carey
Law Offices of Mark A. Carey, P.C.
5600 Roswell Rd. Ste. Bldg. C
Sandy Springs, GA 30342
P: (716) 853-9243
E: markcareylaw@ymail.com
Attorneys for Plaintiff,
SHELTON PARKER JR.